IN THE SUPREME COURT OF THE STATE OF ARIZONA
En Banc


**FILED**
MAR 2 1 2002
NOEL K. DESSAINT
CLERK SUPREME COURT
BY

| | | |
|---|---|---|
| STATE OF ARIZONA, | ) | Arizona Supreme Court |
| | ) | No. CR-01-0338-PR |
| Respondent, | ) | |
| | ) | Court of Appeals |
| v. | ) | Division Two |
| | ) | No. 2 CA-CR 00-0549 PR |
| MELISSA JO REYES, | ) | |
| | ) | Pima County Superior |
| Petitioner. | ) | Court |
| | ) | No. CR 55826 |
| | ) | |

**MEMORANDUM DECISION**
(Not for Publication; Rule 111,
Rules of the Supreme Court)

Petition for Review from the Superior Court in Pima County
The Honorable Clark W. Munger, Judge
Relief Granted; Remanded with Instructions

Memorandum Decision of the Court of Appeals, Division Two
filed June 26, 2001
Vacated

Janet Napolitano, Attorney General                                    Phoenix
        By:     Randall M. Howe, Chief Counsel
                Criminal Appeals Section
        and     Eric J. Olsson, Assistant Attorney General             Tucson
Attorneys for State of Arizona

Susan A. Kettlewell, Pima County Public Defender                     Tucson
        By:     Rebecca A. McLean, Deputy Public Defender
Attorneys for Melissa Jo Reyes

FELDMAN, Justice

¶1    Relying on *McDonald v. Thomas*, 198 Ariz. 590, 12 P.3d 1194 (App. 2000), the court of appeals affirmed the trial judge's order denying Melissa Jo Reyes' petition for post-conviction relief. The court of appeals held that denial of the Board of Executive Clemency's unanimous clemency recommendation need not be signed by the Governor or attested by the Secretary of State. We have jurisdiction under article VI, § 5(1) and (4) of the Arizona Constitution.

¶2    Defendant was convicted by a jury of: one count of armed robbery, a class 2, dangerous, non-repetitive felony; one count of aggravated assault with a deadly weapon/dangerous instrument, a class 3, dangerous, non-repetitive felony; and three counts of kidnapping, class 2, dangerous, non-repetitive felonies. The trial judge sentenced her to concurrent, mitigated sentences on all counts, the longest being seven years, with fifty days' credit. The judge included in his sentencing order a special order under A.R.S. § 13-603(L) setting forth the reasons for his conclusion that Defendant's sentence was clearly excessive, as follows: (1) her young age; (2) her lack of any felony convictions; (3) her steady employment; (4) the support of her family and friends; (5) her responsibility for her child and two stepchildren; and (6) the victim's testimony that Defendant was the least aggressive of the perpetrators.

¶3    On August 11, 1998, the Board of Executive Clemency notified Governor Hull that the Board unanimously approved Defendant's application for commutation and recommended that her sentence be commuted to two years. Among the reasons for the Board's recommendation was Defendant's minimal participation in the underlying crimes committed by her accomplice. The Governor's office returned the documents to the Board. In the space for the Governor's decision was handwritten "denied." The document was signed by George Weisz on the line designated for "Governor or Representative" and hand-dated "11-9-98." There is no attestation by the Secretary of State.

¶4    On October 10, 2000, Defendant filed a Rule 32 petition contending she was being held past the two-year commuted sentence, which she alleged went into effect because the Governor's denial was not attested and was therefore "ineffective to revoke the Board's recommendation." On November 22, 2000, the trial judge denied relief, finding that attestation was not required because

2

the Governor's denial of a Board-recommended commutation is not an official act "within the meaning of A.R.S. § 41-101(B)." Thus, denial of the commutation was effective and Defendant's seven-year sentence remained in effect.

¶5        In an opinion filed on February 19, 2002, we vacated the court of appeals' in *McDonald* and held that denial of the Board's unanimous recommendation for clemency is an official act that must be signed by the Governor and attested by the Secretary of State within the ninety-day time period provided by statute.

¶6        Denial of clemency to Defendant was not signed by Governor Hull nor attested by the Secretary of State. Defendant's commuted sentence expired in October 1999 at the latest. The court of appeals' memorandum decision is therefore vacated. The case is remanded to the trial court with instructions that the state be ordered to release Defendant from prison forthwith.

_____
STANLEY G. FELDMAN, Justice

CONCURRING:

_____
CHARLES E. JONES, Chief Justice

_____
RUTH V. McGREGOR, Vice Chief Justice

_____
THOMAS A. ZLAKET, Justice

3